**CATERPILLAR, INCORPORATED,**
Petitioner,

v.

**Robert B. REICH, Secretary of Labor, Respondent,**

and

**United Auto Workers, Local 974, Intervening–Respondent.**

No. 96–2885.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 21, 1997.

Decided April 8, 1997.

David E. Howe, Thomas C. Mayer, Caterpillar Incorporated, Peoria, IL, Robert E. Mann (argued) and Sally J. Scott, Franczek, Sullivan, Mann, Crement, Hein & Relias, Chicago, IL, for Petitioner.

Bruce Justh (argued), Department of Labor, Washington, DC, for Respondent.

Jerome Schur and Martha A. Garcia, Katz, Friedman, Schur & Eagle, Chicago, IL, for Intervenor.

Before CUMMINGS, RIPPLE and KANNE, Circuit Judges.

CUMMINGS, Circuit Judge.

Petitioner Caterpillar, Incorporated ("Caterpillar") appeals a final order of the Occupational Safety and Health Review Commission (the "Commission") issued June 12, 1996, pursuant to Section 12(j) of the Occupational Safety and Health Act of 1970 (the "Act"), 29 U.S.C. § 661(j), which adopted a decision of an Administrative Law Judge (the "ALJ"). This Court has jurisdiction over the appeal pursuant to Section 11(a) of the Act, 29 U.S.C. § 660(a).

**I.**

Essentially all of the relevant facts in this case are found in a Joint Stipulation of Facts.

At issue in this case is a citation issued on or about May 16, 1995, by the Occupational Safety and Health Administration ("OSHA") to Caterpillar's Research and Technical Center located in Mossville, Illinois. The citation alleged a willful violation of 29 C.F.R. § 1904.7(a), which provides that:

Each employer shall provide, upon request, records provided for in §§ 1904.2, 1904.4 and 1904.5, for inspection and copying by any representative of the Secretary of Labor for the purpose of carrying out the provisions of the act. . . .

The records referred to in this regulation include, *inter alia*, the Logs of Occupational Injuries and Illnesses that industrial employers are required to maintain on an ongoing basis. These logs are conventionally referred to as "OSHA 200 logs."

On September 12, 1994, OSHA began an on-site inspection pertaining to Caterpillar employee complaints regarding the inspection and maintenance of overhead cranes at the Mossville facility, but that inspection was suspended because Caterpillar objected to a striking employee accompanying OSHA on its walk-around.[1] On November 21, 1994, OSHA began again its inspection pursuant to a warrant issued by the United States District Court for the Central District of Illinois. Compliance Safety and Health Officer, Leland Darrow, requested a copy of the OSHA 200 logs for calendar years 1993 and 1994 during an opening conference of the recommenced inspection.

Darrow was given the opportunity to examine the logs for both years, but prior to offering Darrow a *copy* of the 1994 log, a representative of Caterpillar requested Darrow's assurance on behalf of OSHA that the names and badge numbers of employees injured after June 20, 1994—*i.e.*, after the UAW strike began—would not be disclosed to the UAW. At that time, Caterpillar's representative told Darrow that the UAW had been seeking to learn the names of nonstriking workers and that Caterpillar had received numerous reported incidents of alleged vandalism, harassment and threats of violence directed against non-striking workers. Darrow replied that he was unable to make assurances on behalf of OSHA. In response, Caterpillar's representative then stated that the log could be examined on site, but that any copy provided to OSHA for removal from the site would have the names and badge numbers of the employees injured on or after June 21, 1994, redacted. The decision to provide OSHA with redacted copies of the 1994 OSHA 200 log was made after consultation with and reliance upon the advice of Caterpillar's legal counsel.

OSHA issued a citation to Caterpillar asserting that the deletion of names and badge numbers from the 1994 copy OSHA was allowed to remove from the Mossville facility was a violation of § 1904.7(a). Caterpillar contested the citation, and the matter was referred for adjudication to the Commission, which assigned the matter to the ALJ for recommended disposition. The ALJ held that Caterpillar's refusal to make a copy of the 1994 OSHA 200 log that included the names of employees injured after June 20, 1994, was a willful violation of the regulation in question. The ALJ further found that the violation was not *de minimis* and affirmed a $10,000 penalty. The Commission denied Caterpillar's motion for reconsideration and the ALJ's decision became a final order of the Commission on June 12, 1996.

## II.

■ This Court's review of the Commission's order is limited to a determination whether the factual basis of the Commission's decision is supported by substantial evidence and whether the legal basis for the decision is arbitrary or capricious and in accordance with law. Administrative Procedure Act, 5 U.S.C. § 706. Caterpillar's primary argument on appeal is that it complied with the obligations of the cited regulation as shown by the stipulated facts given to the Commission. It maintains that no provision of the regulation obligated Caterpillar to provide the inspectors with copies of the OSHA 200 logs that the inspectors could then remove from the premises and provide to the

---

1. The UAW went on strike against Caterpillar on June 21, 1994, and that strike concluded on or about December 4, 1995.

UAW. Therefore, Caterpillar urges us to find that the Commission's order to the contrary was arbitrary and not supported by the terms of the regulation or by the facts stipulated to the Commission.[2]

The ALJ decision adopted by the Commission found that Caterpillar had violated 29 C.F.R. § 1904.7(a) by its refusal to provide the OSHA compliance officer with a copy of the 1994 OSHA 200 log complete with names of employees who suffered recordable injuries on or after June 21, 1994, citing the terms of the OSHA citation at issue. The primary problem with this conclusion is that the regulation at issue, § 1904.7(a), by its terms only requires that employers provide *access* to the logs for inspection and copying; it does not obligate employers to make and provide copies of the log to OSHA. The Secretary agrees that an employer can comply with § 1904.7(a) by permitting OSHA to make its own copy of the log.[3] Accordingly, having concluded that the terms of the regulation only required Caterpillar to provide *access* to OSHA personnel for inspection and copying, rather than providing a copy itself, this Court must now determine whether the Commission's factual finding that Caterpillar did not meet such requirement was supported by substantial evidence. See 29 U.S.C. § 660(a).

The Secretary and the UAW argue on appeal that Darrow was prevented from making his own copy of the 1994 OSHA 200 log and from copying any information from that log that he deemed appropriate to his investigation. But there is simply no evidence in the record to support that assertion and none has been cited by them. The parties stipulated that Darrow was given the opportunity to examine the OSHA 200 logs for both 1993 and 1994. They further stipulated that a Caterpillar representative told Darrow "that *the 1994 log could be examined on site, but that any copy provided to OSHA for removal from the site would have the [controversial information] redacted.*" (Emphasis added.) From the facts in the record, it is clear that Darrow did not ask or try to make a copy of the 1994 log himself, even though it is clear from the parties' stipulated facts that he was given the opportunity to examine the entire 1994 log. At the very least, he could have reviewed the complete 1994 log on site and copied by hand the redacted names and badge numbers of the injured employees onto the copy provided by Caterpillar. Darrow's failure to do any of these things does not make Caterpillar's actions into a violation of § 1904.7(a), when it was only required to provide access to OSHA for inspection and copying. The Commission's finding to the contrary is not supported by substantial evidence.

In light of the foregoing, this Court finds that the Commission's order was not supported by the terms of the regulation or by the facts stipulated to the Commission, and is accordingly invalid.

### III.

For the reasons discussed above, the petition for review is granted, and the order of the Commission is set aside.

---

**2.** Caterpillar also argues that, even if we find that it violated § 1904.7(a), its violation was at most of a *de minimis* nature having no direct relationship to the safety or health of its employees. In addition, Caterpillar maintains that the Commission's order represents an arbitrary departure from its own precedent concerning the nature of a "willful" violation, where Caterpillar believed in good faith that it was in compliance with the regulation at issue. Finally, it argues that the $10,000 penalty assessed for the violation was improper. Because we agree with Caterpillar's argument that the Commission's determination that it violated § 1904.7(a) was not supported by the terms of the regulation or the facts of the case, *it is unnecessary to address these arguments.*

**3.** This conclusion is bolstered by a proposed revision to § 1904 published in the Federal Register on February 2, 1996, which would have, according to OSHA, required "employers to provide copies of records to government representatives." 61 Fed.Reg. 4,030, 4,038 (1996). OSHA explained that:

> In some instances, instead of providing copies of the records, some employers have attempted to provide OSHA compliance personnel only with access to the records, with the copying to be done by hand. The proposed change would clearly require employers to provide copies of the records to government personnel....

*Id.*